THE CITY OF TROY, Appellant, . *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND and GEORGE MACDONALD, Respondents.

Third Department, November 14, 1917.

Municipal corporations — provision of paving contract and bond guaranteeing pavement for period of time construed — when contractor not liable for defects in pavement resulting from repairs made by third parties — right of contractor to percentage retained by city for further security.

Where a bond under a paving contract provides that if the pavement is not disturbed it will stand the wear and tear of ten years of service, or the contractor will make the necessary repairs, and the contract specifically provides that the contractor shall have the right to make all repairs necessitated by the openings for water, gas or sewer pipes, for which he is to be paid a certain amount, and which repairs are to come under the guaranty, said provisions exclude liability for repair work done by third parties in putting in pipes, etc., and where the city fails to show any defects in the pavement as it was left by the contractor at the time of the acceptance by the city, it cannot recover sums alleged to have been expended by it for repairs made by third parties.

In such an action by the city, the contractor, not being liable for the amounts expended by the city in making repairs, is entitled to the percentage of the contract price which was retained for the further security for performance on his part of the terms of the contract. It cannot be said that such sum is unliquidated, or that it is not held by the city because it has been used to make the repairs.

APPEAL by the plaintiff, The City of Troy, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rensselaer on the 11th day of December, 1916, dismissing the complaint and awarding the defendant MacDonald judgment on his counterclaim upon the report of a referee.

*Thomas H. Guy, Corporation Counsel [Owen D. Connolly* of counsel], for the appellant.

*William J. Bolger,* for the respondent MacDonald.

*Platt & Field [Eli J. Blair* of counsel], for the respondent Fidelity and Deposit Company.

WOODWARD, J.:

Two causes of action to recover for sums alleged to have been expended by the city of Troy in making repairs upon certain asphalt paving on Fifth avenue, between Broadway and Hoosick streets, which the defendants had contracted should remain in good condition for a period of ten years, have been consolidated and tried before a referee. The referee has found that the evidence did not support the claims of the plaintiff, and has given judgment in favor of the defendants, dismissing the complaint as to the surety, and granting an affirmative judgment upon the contractor's counterclaim for moneys withheld by the plaintiff under the contract as a further security for the performance of the contract. We think the learned referee is right, and that the judgment should be affirmed.

The actions, in form, are brought upon the bond provided for in the original contract between the city of Troy and George MacDonald, a contractor. The bond recites the making of the contract and its substantial provisions, and it is provided that " the condition of this obligation is such that if the said George MacDonald, and his heirs, executors, administrators and assigns shall keep and maintain the asphalt pavement in said Fifth avenue in good condition to the satisfaction of the said the city of Troy, expressed through its contracting board, or other proper officer or officers, its successors or assigns, for the full period of ten years from and after the final acceptance of the said work by the said city, and shall from time to time during the said period of years promptly make and execute, free of charge, any and all repairs to the asphalt pavement in said street that may become proper or necessary through ordinary wear and tear, or from natural causes, or from any holes, cracks or bunches in the said pavement, or from the same falling below the true grade,

or from the decay, decomposition or giving out of the wearing surface of the said pavement," etc., " then this obligation to be void; otherwise to remain in full force and virtue."

The complaint sets forth this bond, and then alleges a failure on the part of MacDonald to perform these conditions in the years 1906, 1907 and 1908 (viewing both complaints as merged in one), and demands judgment for the sums alleged to have been expended by the city of Troy in making such repairs. The answers involve substantially general denials of the allegations relating to the non-performance of the repairs and the amounts alleged to have been expended, and MacDonald puts in a counterclaim for the sum of $2,224.63, ten per centum of the contract price, retained under the terms of the contract to further insure the performance of the maintenance of the said paving.

Upon the trial of the action the plaintiff put in evidence testimony of various officials, past and present, to the effect that certain sums of money had been expended in making repairs upon this pavement, but the evidence fell far short of establishing that the pavement, as put in and accepted by the city of Troy some ten years ago, had developed any of the defects guaranteed against. The cross-examination brought out the fact that this particular piece of asphalt pavement had been torn up on many occasions; that MacDonald had never been permitted to make the replacements as contemplated by his contract, but that such work had been done by independent contractors, who had made excavations a portion of the way across the street and then tunnelled under to place pipes, and that in some instances, at least, it was impossible to tell whether the repairs made by the city were occasioned by these excavations. In other words, the city of Troy wholly failed to show that the pavement on Fifth avenue had failed to meet the requirements of the bond. The contract did not undertake to guarantee that the pavement, cut up and undermined by careless or indifferent contractors, or by the city itself, would not require repairs in a period of ten years, or that if such repairs were necessary or proper that the contractor would make them free of charge. What the contract provided was that if the pavement was not disturbed it would stand the wear and tear of ten years of

service, or the contractor would make the necessary repairs. It was specially provided in the contract that the contractor should have the right to make all repairs necessitated by the openings for water, gas or sewer pipes, for which he was to be paid ten per cent above the original contract price, and which repairs were to come under the guaranty. This obviously excludes liability for the repair work done by third parties in putting in pipes, etc., and the plaintiff having failed to show any defects in the pavement as it was left by the contractor at the time of acceptance by the city of Troy, the learned referee was right in refusing to grant judgment against either of the defendants.

It seems equally clear that the defendant MacDonald, not being liable for the amounts expended by the city in making the repairs, was entitled to the ten per centum of the contract price which was retained for the further security of performance on his part of the terms of the contract. It is begging the question to suggest that this amount is not held by the city of Troy because it has used the funds to make the repairs. There was a fixed sum set apart for this contract. The city reserved ten per centum of the contract price to use in making the repairs which might become necessary under the contract, and having failed to show that any of such repairs became necessary it owes to the defendant MacDonald the amount which it reserved, less the amount which was paid over at the end of the first five years, under the provisions of the contract. It cannot be said that the sum is unliquidated. It is as definite as any other sum mentioned in the contract; it is merely a matter of computation; and the learned referee appears to have had a clear conception of his duties and to have performed them well.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.